```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/16/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,          :
                                                        :        21-CR 359 (LAK)
         -v-                                      :
                                                        :        **ORDER**
JEY JAMES ROLDAN CARDENAS,  :
                                                        :
                            Defendant.      :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

By letter-motion dated October 17, 2023 (Dkt. No. 100), Defendant Jey James Roldan Cardenas has moved for the return of his personal cellphone pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The Government has opposed the motion by letter dated October 26, 2023 (Dkt. No. 102). In a reply letter dated November 2, 2023, Cardenas has further moved that I reconsider, cancel, and rescind the search warrant that I issued on October 18, 2023, which authorized the Government to search the cell phone that is now the subject of the Rule 41(g) motion (Dkt. No. 105). Cardenas contends that "the affidavit in the search warrant application appears to have omitted material undisputed facts that bear on the finding of probable cause." Dkt. No. 105, at 1. Judge Kaplan, to whom this case is assigned, has stayed Cardenas's Rule 41(g) application for the return of his cell phone "pending any determination by the Magistrate Judge with respect to defendant's motion for reconsideration of the Magistrate Judge's grant of the government's search warrant application of defendant's cell phone." Memorandum Endorsement dated November 6, 2023 (Dkt. No. 106).

The Court is of the view that any challenge to the probable cause finding with respect to the warrant is properly brought as a motion to suppress before Judge Kaplan.

1

*See, e.g., United States v. Del Villar*, No. 20-CR-295 (VEC), 2021 WL 4312060, at *4–5 (S.D.N.Y. Sept. 22, 2021), *reconsideration denied*, No. 20-CR-295 (VEC), 2021 WL 5180048 (Nov. 7, 2021). Moreover, as a practical matter, the Court cannot reconsider, cancel, or rescind a warrant after it has signed the warrant and the Government has executed the warrant, as is the case here.[1]  Accordingly, the Court denies the motion for reconsideration without prejudice to Cardenas challenging the issuance of the warrant through a motion to suppress.

**SO ORDERED.**

Dated: New York, New York
November 16, 2023

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] On page 1 of his reply letter, Cardenas requests that the Court "reconsider" the issuance of the warrant. On page 2 of his reply, Cardenas moves "for reconsideration and cancellation" of the warrant. Finally, on page 4 of his reply, Cardenas requests that the Court "reconsider and rescind" the warrant. Cardenas cites no authority in support of the relief he seeks from this Court, however it is characterized, and the Court is not aware of any authority providing for the reconsideration, rescinding, or cancellation of a warrant once it has issued.