

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

**MEMO ENDORSED**

April 30, 2024

**BY ECF AND HAND**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-2-24
```

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Jey James Roldan Cardenas, S6 21 Cr. 359 (LAK)**

Dear Judge Kaplan:

The Government respectfully writes to supplement its prior motions *in limine* in the above-captioned case, to request an additional ruling that a Colombian law enforcement officer who is also an active undercover agent in Colombia ("Officer-1") may testify at trial using a pseudonym, and without disclosing other personally identifiable information in public, in order to mitigate risks to the safety of Officer-1 and his family. For the same reasons, the Court should preclude any person from sketching or otherwise capturing a likeness of Officer-1 during trial. The defense consents to this request.

Officer-1 is a member of the investigating unit of the Office of the Attorney General of Colombia. The Government anticipates calling Officer-1 as a witness to testify about certain records and information that the Government expects to receive from Colombia about the defendant, as well as Officer-1's personal experience engaging in undercover operations for Colombian authorities. As an investigator within the Office of the Attorney General, Officer-1 has engaged in undercover operations and remains an active undercover agent involved in investigations of international criminal organizations, among other criminal activity. Thus, the requested protective measures regarding Officer-1's true identity and likeness are appropriate because the safety risks faced by Officer-1 and his relatives and associates are "actual and not the result of conjecture." *United States v. Palermo*, 410 F.2d 468, 472 (7th Cir. 1969); *see also United States v. Cavallaro*, 553 F.2d 300, 304 (2d Cir. 1977) ("[W]here the government voices a legitimate concern for a witness' safety, the trial court must balance the potential danger to the witness against the need of the defense for the information."). Such measures are routinely allowed in this District. *See, e.g., United States v. Hernandez*, No. 15 Cr. 379 (PKC) (2024) (allowing former foreign law enforcement officer to testify under pseudonym at trial to protect his safety); *United States v. Orense Azocar*, No. 21 Cr. 379 (VSB) (2023) (allowing foreign law enforcement officer to testify under pseudonym at trial for safety reasons); *United States v. Sosa-Zarzuela*, No. 21 Cr. 41 (PAC), 2022 WL 16722329, at *1-2 (S.D.N.Y. Nov. 4, 2022) (allowing undercover officer and cooperating witness to testify using pseudonyms at trial); *United States v. Fuentes Ramirez*, No. 15 Cr. 379 (PKC) (S.D.N.Y. Feb. 12, 2021) (Dkt. No. 251), (allowing law enforcement witness to testify under pseudonym at trial); *United States v. Hernandez Alvarado*,

The Honorable Lewis A. Kaplan                                                                                                Page 2
April 30, 2024

No. 15 Cr. 379 (PKC) (S.D.N.Y. Sept. 13, 2019) (Dkt. No. 85) (allowing foreign law enforcement officer to testify under pseudonym at trial). Courts outside this Circuit have similarly concluded that a witness's use of a pseudonym during testimony, or limiting cross-examination regarding personally identifiable information, is appropriate under certain circumstances. *See United States v. Ramos-Cruz*, 667 F.3d 487, 500 (4th Cir. 2012) (affirming district court decision to allow two government witnesses from El Salvador to testify under pseudonyms without revealing their names, home and work addresses, or dates and places of birth due to safety concerns); *United States v. El-Mezain*, 664 F.3d 467, 491-92 (5th Cir. 2011) (affirming district court decision to allow foreign law enforcement witnesses to testify under pseudonyms); *United States v. Celis*, 608 F.3d 818, 832-34 (D.C. Cir. 2010) (holding, in the context of trial of defendants with ties to a Colombian terrorist organization, that a protective order allowing government witnesses from Colombia to testify under pseudonyms, and limiting disclosure of their true identities, did not impermissibly intrude upon defendants' confrontation rights); *Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir. 1991) (finding no violation of the Confrontation Clause where a DEA confidential informant testified at trial under a pseudonym, because the defendant knew the witness's name before testifying and, therefore, had an opportunity to investigate and conduct cross-examination).

The Government has already disclosed, pursuant to a protective order, Officer-1's actual name to the defense in connection with the production of Jencks Act and *Giglio* material, which will allow the defense to conduct an adequate investigation, prepare a defense, and conduct cross-examination. The defendant will also have the opportunity to confront Officer-1 in open court, under oath, and the jury will have a full opportunity to assess Officer-1's demeanor and credibility. Therefore, allowing Officer-1 to testify under a pseudonym, precluding questioning that will elicit personally identifiable information, and preventing efforts to capture Officer-1's likeness during the trial, will not infringe the defendant's confrontation rights.

In sum, in light of the serious safety concerns implicated by the public disclosure of Officer-1's identity, and particularly given the defendant's consent to this request, the Government respectfully requests that the Court allow Officer-1 to testify under a pseudonym at trial, and without disclosing other personally identifiable information in public, and preclude any person from attempting to sketch or otherwise capture a likeness of Officer-1 during trial.

Granted.

SO ORDERED

LEWIS A. KAPLAN, USDJ

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Alexander Li / Sarah L. Kushner
Assistant United States Attorneys
(212) 637-2265 / -2676

cc:    Hannah McCrea, Esq. (by ECF)
       Clay Kaminsky, Esq. (by ECF)