UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                                           21-cr-0359 (LAK)

JEY JAMES ROLDAN CARDENAS

                     Defendants.
------------------------------------------x

## MEMORANDUM AND ORDER ON *IN LIMINE* MOTIONS

LEWIS A. KAPLAN, *District Judge.*

        Defendant awaits trial on one count of cocaine importation conspiracy. The matter is before the Court on the parties' *in limine* motions.

*Procedural History*

        On April 25, 2024, the government moved *in limine* to (1) admit evidence of defendant's alleged prior drug trafficking activities; (2) preclude evidence and argument that one of defendant's alleged co-conspirators — Jose Alfredo Aguas Oviedo — planned to conduct a sting operation in order to facilitate a seizure of a cocaine laden aircraft planned to leave the Cartagena airport in June 2021; (3) preclude evidence and argument of prior instances of Aguas's cooperation with Colombian authorities to seize illegal narcotics; (4) preclude evidence and argument of specific instances or a general practice of Colombian National Police ("CNP") officers to take a cut of rewards paid to civilian informants; (5) preclude defendant from cross-examining a confidential source ("CS-5") and confidential witness ("CW-1") on specific topics; (6) preclude evidence and argument concerning potential punishment for defendant or the consequences of conviction; and (7) permit CS-5 to testify under a pseudonym.[1] Defendant filed a brief opposing some of the government's *in limine* motions and conceding others.[2]

---

[1] Dkt 171.

[2] Dkt 181.

On April 26, 2024, the government alerted the Court and defendant that Major Victor Alfonso Torres Valero of the CNP — a potential witness at trial — would not be allowed by the Colombian government to travel to the United States from Colombia and thus would be unavailable to testify.[3] Defendant responded essentially by bringing two motions before the Court.[4] First, he renewed a motion that he previously had made without success to conduct a Rule 15 deposition of Major Torres Valero in Colombia.[5] In the alternative, defendant moved *in limine* to admit at trial notes taken by the government during its two interviews with Major Torres Valero in which Major Torres purported to recount certain interactions between Major Torres and Aguas (the "Call Notes").[6] Defendant's *in limine* motion roughly corresponds to the second and third requests for relief in the government's *in limine* motion. The government opposes both requests. Nevertheless, the government has agreed in substance that it would stipulate that Major Torres Valero, if called, would testify to the material contained in the relevant portions of the Call Notes if the Court determined that live testimony by Major Torres to the same effect as the statements there attributed to him would be admissible at trial.

The Court heard argument on the matter on April 30, 2024, during which it denied defendant's Rule 15 motion and reserved judgment on the parties' *in limine* motions. This order disposes of those motions.

*The Government's* in Limine *Motion*

The government's first request for relief — to admit evidence of defendant's alleged prior drug trafficking activities under Fed. R. Evid. 404(b), 801(d)(2)(E), and 804(b)(3) — is denied, largely for the reasons stated in the defense's opposition.[7] The government's third through seventh requests for relief are granted, largely for the reasons stated in the government's motion.[8]

---

[3] Dkt 175.

[4] Dkt 176.

[5] *Id.* at 1-2.

[6] *Id.* at 2-6.

[7] *See* Dkt 181 at 1-10.

[8] *See* Dkt 171 at 30-35.

3

The government's second request — to preclude evidence and argument that Aguas told Major Torres, in order to facilitate a seizure of the drugs in Colombia, that Aguas had information from a source concerning a planned illegal shipment of cocaine from the Cartagena airport to the United States— is granted in part and denied in part. For reasons discussed below, it is denied to the extent that the government's stipulation concerning the Call Notes moots the issue given the Court's determination below that it will receive the relevant portions of the Call Notes for an appropriately limited purpose. It is granted in all other respects.

*Defendant's* in Limine *Motion*

During the April 30, 2024 argument, defense counsel indicated the portions of the government's Call Notes with Major Torres Valero that they were seeking to admit. These can be boiled down into three categories of statements that Major Torres Valero made to the government and/or the DEA: (1) that Aguas previously had worked with the Colombian anti-narcotics unit to effectuate two substantial cocaine seizures; (2) that Aguas told Major Torres Valero in or about June 2021 that he had information of a plane planned to leave the Cartagena airport with narcotics on it; and (3) that a subsequent meeting of Aguas and his alleged source with the DEA was arranged.[9] Defense counsel agreed that if any such testimony were deemed admissible, it could be introduced at trial via stipulation rather than by introducing the Call Notes directly.

The first category of Major Torres Valero's statements is precluded by the Court's ruling on the government's third request for relief in the government's *in limine* motion. Accordingly, Major Torres Valero's statements to that effect are inadmissible at trial.

The second category of testimony in the Call Notes — Aguas's statements to Major Torres Valero regarding the cocaine-filled plane — are relevant, albeit perhaps not very strongly, to whether defendant believed that he was participating in a cocaine sting as opposed to an illegal shipment, which likely will be one of the central issues at trial. The fact that Aguas reported to Major Torres of the anti-narcotics unit information about a drug-laden plane expected to leave the Cartagena airport in June 2021 — the same airport and the same or a similar time period as the alleged events in question — is probative of whether Aguas told defendant that his intention was to facilitate a seizure rather than an illegal shipment. Whether Aguas in turn so stated to defendant is relevant to defendant's intent. Aguas's statement to Major Torres thus would not be offered for the truth of the matter asserted and thus would not be inadmissible hearsay. Contrary to the government's assertions, the truth of Aguas's reports to Major Torres Valero and the DEA — *i.e.*, whether there really was a drug-laden plane, or such a plane ready to leave Cartagena, in that time period — is not really material. Rather, the *fact* that Aguas so stated to Major Torres, if indeed he did, makes it somewhat more likely that he told defendant that he was trying to facilitate the seizure

---

[9] *See also* Dkt 176 at 3-4.

4

(instead of helping to export) the drugs, which goes to Aguas's state of mind which in turn goes to whether he made such a statement to defendant which in turn goes to defendant's state of mind.[10]

To be sure, defendant's theory of relevancy is rather attenuated. But it is difficult to see how admission of this evidence, subject to limiting instructions, would prejudice the government unfairly to such a substantial degree as to warrant its exclusion.

Finally, the government conceded during argument that if Aguas's statements to Major Torres Valero about the drug-laden plane were admissible, then testimony of the DEA meeting would be admissible to further explain and corroborate them.[11] As a result, the portion of the government's Call Notes reflecting the fact of a meeting arranged between the DEA and Aguas's informant are admissible.

Accordingly, defendant's motion *in limine* (Dkt 176) seeking to admit portions of the government's Call Notes is granted in part and denied in part. The evidence may be offered either in the form of a narrative statement as to what Major Torres would have testified had he appeared at trial or in the form of the relevant portion of the notes, as the parties may agree or, in default of agreement, as the Court may direct. In any event, the evidence would be received for purposes other than the truth of the matters asserted and subject to an appropriate limiting instruction if such an instruction were sought.

SO ORDERED.

Dated:   May 6, 2024

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

---

[10] The thought here is quite simple: after alerting the CNP and the DEA to his information concerning a drug-filled plane expected to be leaving from the Cartagena airport in June 2021, it arguably would have made limited sense for Aguas to talk with defendant about trying to *ship* drugs on a plane through the same airport in the same month. The government is free to contest this logic to the jury.

[11] *See also* Dkt 178 at 2.