**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 11, 2024

**BY ECF AND HAND**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: <u>United States v. Jey James Roldan Cardenas</u>, S6 21 Cr. 359 (LAK)

Dear Judge Kaplan:

The Government respectfully moves to preclude, pursuant to Federal Rules of Evidence 401, 403, and 802, the following defense exhibits: (1) full-length videos and transcripts of the defendant's participation in the May 26 and June 18, 2021 meetings, totaling approximately 78 minutes of video and approximately 174 pages of text; and (2) 22 photographs appearing to depict the defendant's upbringing and work conditions in Colombia. The full-length videos and transcripts are largely hearsay when offered by the defendant, and they would unduly delay the trial and waste the jury's time with evidence cumulative of the 21 excerpts already entered by the Government and the 6 additional excerpts that may be offered by the defense. The photographs of the defendant's purported conditions in Colombia are not relevant to any disputed issue at trial, are cumulative of defense photographs to which the Government does not object, and any marginal probative value to these additional photographs would be greatly outweighed by the risk of unfair prejudice to the Government. Indeed, many of the photographs — which appear to show, among other things, the defendant's family home, shoveling manure, and grasping barbed wire with bare hands — are direct appeals to sympathy.

### Legal Standards

"Evidence is relevant if it has 'any tendency' to make any fact of consequence 'more or less probable than it would be without the evidence.'" *United States v. Lawrence*, No. 21-1668, 2022 WL 17660217, at *1 (2d Cir. Dec. 14, 2022) (quoting Fed. R. Evid. 401).[1] Though some "background evidence" may be relevant to matters not in dispute, *United States v. Blackwell*, 853 F.2d 86, 88 (2d Cir. 1988), such background evidence, like all evidence, is subject to the balancing test of Rule 403, *United States v. Birbal*, 62 F.3d 456, 464 (2d Cir. 1995). Thus, "when a fact is undisputed and conceded, evidence attempted to be introduced to prove such fact may be

---

[1] Unless otherwise specified, all case citations omit internal quotation marks, citations, and prior alterations.

<u>Memorandum Endorsement</u>                           <u>United States v Cardenas, S6 21-cr-0359 (LAK)</u>

       1.     The government moves to preclude the defendant from offering the full video and transcripts of the May 26 and June 21, 2021 meetings, principally on the ground that they would be cumulative and wasteful of the jury's time in view of the fact that (a) the Court already has received 21 video and audio excerpts of those meetings on the government's case in chief, and (b) the government has agreed to the receipt of all six of the additional excerpts proposed by the defendant during the defendant's case. The defendant counters that full recordings[1] are relevant because defendant's demeanor, level of participation and interactions throughout the meeting are pertinent to his claim that his presence was intended to further a "sting" operation rather than an exportation of cocaine to the United States.

       It appears to be common ground that the defendant was a *carabiniero*, a horse mounted police officer who ordinarily patrols a rural area in Colombia's "banana zone," not a major in the Colombian National Police ("CNP") with responsibilities for the distant Cartagena international airport. It appears to be common ground also that defendant, at the instance of another low ranking police officer and former partner, Aguas, attended the meetings in the guise, and to play the role of, a high ranking CNP officer with influence at the airport in order to convince those interested, or purporting to be interested, in shipping cocaine out of the Cartagena airport that Aguas really was in a position to deliver on a promise to insure that the shipment could be made free of law enforcement interference. Thus, the defendant's demeanor at the meeting, whatever it was, at least arguably was consistent with Aguas's plan, regardless of whether the plan was to facilitate an illegal cocaine shipment, as the government alleges, or to facilitate a law enforcement seizure of the cocaine as the culmination of a "sting," as defendant claims to have understood. Accordingly, the probative value of the portions of the recordings of those meetings that neither already are in evidence nor set to be received in evidence on consent at best would be *de minimis*. That said, however, the Court is disposed to receive the recordings of the entire portions of the meetings during which the defendant was present subject to a limiting instruction.

       2.     The government's request to preclude various photographs proffered by defendant is granted as to DX D1 , D3 through D5, E1, F2 through F5, and F7 through F13 is granted. It is denied as to DX D2 provided the proposed exhibit is cropped to depict only the sewing machine, DX F1 and F6 and, on the ground of mootness, as to E2 through E5 and D6. It is true that the excluded photographs, assuming that they depict what they purportedly depict, could be described loosely as illustrating a day in the life of a lowly and poorly paid rural police officer -- a person perhaps not likely to be in a position to direct airport security and other airport personnel and

---

[1] In fact, while defendant argues that the recordings of the entire meetings should be received, it states in a footnote that it proposes to offer only those portions that occurred during defendant's presence. It thus is unclear to the Court whether the videos and transcripts referred to in defendant's letter -- DX B0, B0-T. C0 and C0-T – contain the contents of the entire meetings or only portions of them. This decision assumes that the evidence in question is only of the portions during which defendant was present.

not likely to be party to an illegal cocaine exporting operation. But no one appears to dispute what defendant's ordinary daily duties were, where he was assigned to work, and the general nature of his economic and living conditions. He was recruited, however, to play a fictional role in exchange for money. His job was to play that fictional role in such a way as to induce the drug traffickers to get the cocaine to the airport. The circumstances of his daily life are equally consistent with his intent being to facilitate a law enforcement seizure or facilitate trafficking cocaine to the United States. Hence, the photographs add noting to and relevant dispute in this case and thus have little or no real probative value. On the other hand, whatever counsel's purpose in offering them, there is no denying that they are likely to engender sympathy for a poor man performing mundane duties and living in unattractive circumstances in a remote part of a poor and troubled country. On balance, the risk of unfair prejudice to the government's case substantially outweighs any probative value of those exhibits here precluded.

SO ORDERED.

Dated:   May 12, 2024

_____
Lewis A. Kaplan
United States District Judge