UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

            -against-                                  21-cr-0359 (LAK)

JEY JAMES ROLDAN CARDENAS

           Defendant.
------------------------------------------x

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR A NEW TRIAL

LEWIS A. KAPLAN, *District Judge.*

        Defendant was convicted by a jury of conspiracy to import cocaine into the United States. The government's theory, briefly stated, was that defendant, a low-ranking corrupt Colombian police officer, knowingly impersonated a Colombian police major as part of a scheme to obtain a substantial bribe for facilitating the shipment of a large quantity of drugs from Colombia to the United States through the Cartagena airport. He now moves for a new trial.

        Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires."[1] "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice."[2] Although a "trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, . . . it nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'"[3] To grant a motion under Rule 33, "'[t]here must be a real concern that an innocent person may have been convicted.'"[4]

---

[1] Fed. R. Crim. P. 33.

[2] *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quotation marks and citations omitted).

[3] *Id.* (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)).

[4] *Id.*

2

Here the defendant argues principally that a comment made during the government's rebuttal to defendant's closing argument – a comment to which defendant did not even object – was misleading. In the Court's view, the comment was an appropriate argument based on the evidence and proper rebuttal. For those reasons, as well as all those stated in the government's memorandum in opposition to defendant's motion, the Court has no concern that an innocent person may have been convicted, much less a "real concern."[5]

Accordingly, the defendant's motion (Dkt 220) is denied in all respects.

SO ORDERED.

Dated:   August 22, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[5] *Id.*